UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT BALL                                                    CIVIL ACTION

VERSUS                                                          NO: 17-3153

WESTBANK FISHING, LLC                                           SECTION: A (4)

## ORDER

Before the Court is a **Motion to Strike Jury Demand (Rec. Doc. 10)** filed by Plaintiff Vincent Ball. Defendant Westbank Fishing, LLC opposes the Motion. (Rec. Doc. 13). The Motion, set for submission on July 12, 2017, is before the Court on the briefs without oral argument.

Plaintiff Vincent Ball filed suit on April 11, 2017 alleging claims under the Jones Act (46 U.S.C. Section 30104), the general maritime law doctrine of unseaworthiness, and for maintenance and cure. (Rec. Doc. 1). In his Complaint, Plaintiff indicated that this Court had subject matter jurisdiction under the Jones Act (46 U.S.C. Section 30104). (Rec. Doc. 1). Plaintiff's Complaint was silent on whether he wanted a jury trial or bench trial, and did not make a 9h designation. However, Defendant prayed for a trial by jury in its Answer. (Rec. Doc. 5).

Plaintiff filed the instant Motion to Strike Defendant's jury demand, arguing that because jurisdiction is not also based on diversity[1], the right to demand a jury trial under the Jones Act belongs only to Plaintiff. (Rec. Doc. 10). Defendant opposes Plaintiff's Motion, arguing that 1) when jurisdiction is based on the Jones Act, both the Jones Act seaman and his employer have the right to demand a trial by jury, and 2) he has a constitutional right to a trial by jury. (Rec. Doc. 13).

---

[1] Indeed the Complaint alleges that both Plaintiff and Defendant are citizens of Louisiana, and Defendant does not oppose this assertion. (Rec. Doc. 1).

1

The Court finds that Defendant's statement of the law is incorrect and Plaintiff is entitled to have Defendant's jury demand stricken. The United States Court of Appeals for the Fifth Circuit has stated that "the Jones Act plaintiff can elect a non-jury trial in federal court either 1) by electing to sue in admiralty or 2) by grounding his suit on federal question jurisdiction, i.e., the Jones Act, and not requesting a jury." *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1490 (5th Cir. 1992). The Fifth Circuit went on to find that, when the Court does not have diversity jurisdiction, "a seaman is not compelled by the Jones Act to request a jury if he chooses to try his Jones Act claim in a civil action-it is simply a right that he possesses, and not the defendant." *Id.* (citing *Rachal v. Ingram Corp.*, 795 F.2d 1210 (5th Cir. 1986)).

The law in this Circuit is clear that when diversity jurisdiction is not invoked, only the Plaintiff/Jones Act Seaman has the right to a jury trial. The Court has jurisdiction by virtue of the Jones Act and General Maritime Law, not based on diversity. Given that Plaintiff declines his right to a trial by jury, which the law grants only to him, Plaintiff is entitled to have Defendant's jury demand stricken.

Accordingly;

**IT IS ORDERED** that the **Motion to Strike Jury Demand (Rec. Doc. 10)** filed by Plaintiff Vincent Ball is **GRANTED**.

New Orleans, Louisiana this 24th day of July, 2017.

                                                                  JAY C. ZAINEY
                                            UNITED STATES DISTRICT JUDGE