**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VINCENT BALL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    17-03153** |
| **WESTBANK FISHING, LLC** | **SECTION: "A" (4)** |

**ORDER**

Before the Court is Plaintiff's **Motion to Compel Discovery (R. Doc. 20)**. The motion is opposed. R. Doc. 21. The motion was heard on the briefs.

**I.      Background**

The instant action was filed by Plaintiff Vincent Ball against Westbank Fishing, LLC pursuant to the Jones Act and the general maritime law. R. Doc. 1. Plaintiff contends that on July 12, 2016 he was a seaman in the employ of the Defendant aboard the F/V MARY VIRGINIA. R. Doc. 1, p. 2. Plaintiff alleges that he was thrown from the dock of the captain's purse boat as the result of the negligent acts of a crew member and which resulted in injuries. *Id.* According to the Plaintiff his injuries occurred due to the unseaworthiness of the F/V MARY VIRGINIA, the negligence of the Defendant, and/or its employees or servants. *Id.* at p. 3. Plaintiff contends that he is entitled to punitive damages for the unseaworthy condition of the vessel. *Id.* at p. 4. Finally, Plaintiff alleges that Defendant has the duty to provide maintenance and cure. He contends that despite a reasonable demand and provision of proof of injury, the Defendant has arbitrarily, capriciously, and without reasonable basis in fact failed to pay maintenance and cure. *Id.* at p. 5.

The instant motion was filed by the Plaintiff seeking to compel the Defendant to respond with full and complete answers to Interrogatory No. 8 and Request for Production ("RFP") Nos. 15 and 38. Plaintiff argues that Interrogatory No. 8 and RFP No. 38 relate to the identification and production of written or recorded statements by the Defendant which relate to the injury and

incident in question. R. Doc. 20-1. Plaintiff argues that defendant has responded that these documents were created in the anticipation of litigation and are privileged attorney work product, but that minimally defendant should be required to respond to Interrogatory No. 8 so the Court can determine whether the claim of privilege is valid pursuant to this Court's ruling in *Piatkowski v. Abdon Callais Offshore, LLC*, 2000 WL 1145825 (E.D. La. Aug. 11, 2000). RFP No. 15 seeks evidence of any and all maintenance and cure payments made by the defendant to Plaintiff and that while the defendant has stated they were in the process of compiling these documents, no supplementation has been provided even though defendant's response was given on July 18, 2017. R. Doc. 20-1, pp. 2-3.

Defendant opposes the motion. R. Doc. 21. Defendant states that counsel became involved in this case on July 29, 2016, and on August 15, 2016, well after the Plaintiff had retained an attorney, the Defendant through its HR director and in-house claims handler, and at the instruction of counsel, took recorded statements of Tyrone Sellers and Jerome Landry. Further, Mr. Landry's statement was taken after the formal letter of representation was received at Westbank and the events leading up to these statements all suggested imminent litigation. Westbank also contends the statements were taken after consulting defense counsel and there is no non-litigation purpose for creating the statements. R. Doc. 21, p. 4. As such, Defendant argues that these statements are protected under work product doctrine and prepared in anticipation of litigation. *Id.* Further, the Defendant argues that information showing payment of cure was produced to Plaintiff's counsel, but payment is delayed and complicated by the current system employed by Plaintiff and his counsel. *Id.* at p. 2.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve another party written interrogatories which, "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Discovery of documents, electronically stored information, and tangible things is governed by Rule 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." Fed. R. Civ. P. 34(a)(1). Rules 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged.  Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered."  Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Federal Rule of Civil Procedure ("Rule") 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

## III.    Analysis

### A.    Request for Production No. 38 and Interrogatory No. 8

Plaintiff's Interrogatory No. 8 asked the defendant to list "the following information concerning any and all statement(s) whether written or recorded, which you may have concerning the accident and injury reported by plaintiff on or about the date alleged in the original Complaint." R. Doc. 20-2, p. 5.This included the person's name who gave the statement, the date, whether it was written or recorded, whether copies of the statement will be attached to the interrogatory, the title or position of the individual, a brief list of the facts testified to, and who is in possession of the statement. *Id*. The Defendant responded by objecting that the request seeks documents created in anticipation of litigation, privileged attorney work-product or attorney client communications, and that subject to the objections statements were taken from the Mary Virginia crew, and the audio recording of Vincent Ball's statement is enclosed with the responses to requests for production. *Id*. at p. 6.

Request for Production ("RFP") No. 38 stated, "Please produce any and all written or recorded statements taken by you or anyone on your behalf, which relate in any way to plaintiff's alleged injury/accident." R. Doc. 20-3, p. 15. Defendant responses by objecting that it seeks statements taken in anticipation of litigation, is attorney work product, and implicates attorney client communications, and enclosed the Plaintiff's audio recorded statement. *Id*.

The Plaintiff argues that at the very least he is entitled to the information requested in Interrogatory No. 8  so that both the Plaintiff and Court can may make an informed decision as to

whether the privileged claimed by the Defendant is valid. R. Doc. 20-1, p. 1. Further, Plaintiff argues that Rule 26(b)(5)(A) requires that when information is withheld based on a claim of privilege the party must describe the nature of the documents, communication, and tangible things without revealing that information so that the claim of privilege can be evaluated. *Id.* at pp. 1-2.

Plaintiff relies on *Piatkowski v. Abdon Callais Offshore, LLC*, 2000 WL 1145825 (E.D. La. Aug. 11, 2000) to argue that in both cases a claim of work product and documents protected in anticipation of litigation was asserted, however, unlike in *Piatkowski* the Defendant here has provided no information other than that statements were taken. R. Doc. 20-1, p. 2. Plaintiff argues that the party withholding documents carries the burden to establish work product protection and Plaintiff argues that minimally defendant provide the information concerning the dates on which statements were taken, by whom, and the reason why they were taken. *Id.* Further, Plaintiff argues the statements should be produced because Defendant failed to comply with Rule 26(b)(5)(A). *Id.*

According to the Plaintiff the testimony of employees who witnessed the incident at their depositions differs from what they told the Plaintiff shortly after the accident. According to the Plaintiff, he has the right to show that these witnesses gave statements that would contradict and impeach their deposition testimony. *Id.*

The Defendant opposes the motion. R. Doc. 21. The Defendant argues that the Plaintiff was injured on July 21, 2016 and was sent to the doctor for treatment without the creation of a recorded statement. *Id.* at pp. 1, 3. At that time Defendant states it took no further action to investigate the claim since the root cause was obvious and there was no need to investigate an accident in the ordinary course of business. *Id.* at p. 3. According to the Defendant, Plaintiff's treatment rapidly accelerated following several doctor's visits and a referral to an orthopedist as well as becoming difficult to contact by phone concerning his treatment. *Id.* Defense counsel states

5

that he became involved in handling the matter on July 29, 2016, after Westbank made contact due to the increasingly likely prospect of anticipation. *Id.* The Defendant states that it does not seek the advice of counsel or take statements from its employees in every instance when there is a personal injury suffered by a fisherman, but due to the facts and circumstances surrounding the injury and Plaintiff's behavior after treatment suggested that litigation was likely. *Id.* According to the Defendant, Plaintiff's recorded statement was taken on July 29, 2016, the same day counsel was retained and that the statement was provided to Plaintiff's counsel. *Id.*

The Defendant then states that following increasing involvement of its counsel, it took the audio recorded statements of Tyrone Sellers and Jerome Landry. *Id.* at p. 4. Westbank argues that on August 15, 2016, well after the Plaintiff had retained an attorney and refused to accept or return phone calls to the defendant, Jim Hill, Westbanks's Human Resources director and in-house claims handler—at the instruction of counsel—took a recorded statement from Tyrone Sellers. *Id.* at p. 1. Further, Defendant states that on September 8, 2016, Westbank through the HR director and in-house claims handler, took the statement of Jerome Sellers. *Id.* The Defendant states that the statement of Landry on September 8, 2016 occurred after the formal letter of representation arrived. *Id.* at p. 4. Westbank also states that "negative statements" were taken from the remaining crew of the Mary Virginia in September as well.

The Defendant argues that the statements at issue are protected because they were prepared in anticipation of litigation and taken solely for that purpose. *Id.* Westbank contends they were taken after the Plaintiff's behavior changed, including breaking off contact with Westbank. *Id.* Westbank also argues that the statements "were taken in coordination with the consultation of the undersigned attorneys, who are consulted and retained when there is a likelihood of litigation." *Id.* at p. 5.

As this Court has stated previously, the work-product doctrine shields from discovery materials prepared by or for an attorney in preparation of litigation, but "is not an umbrella that shades all materials prepared by a lawyer, or agent of the client." *Piatkowski*, 2000 WL 1145825, at *1-2. The doctrine focuses only on materials that are brought into being in anticipation of litigation and excludes materials that are assembled in the ordinary course of business. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982), *cert. denied*, 466 U.S. 944 (1984). In addition, the doctrine does not extend to the underlying facts relevant to the litigation. *Piatkowski*, 2000 WL 1145825, at *2; *See generally Upjohn Co. v. United States*, 449 U.S. 383 (1981).

The burden of establishing that documents or information is work product is on the party who asserts the claim. *Hodges, Grant & Kaufmann v. United States Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985); *See also Piatkowski*, 2000 WL 1145825, at *2 (citing *St. James Stevedoring Co., Inc. v. Femco Machine Co.,* 173 F.R.D. 431, 432 (E .D. La.1997)).

As a threshold matter, the Court must determine whether the Defendant has met its burden in establishing that the work product protection applies to these statements. The information provided the Court does not satisfy the Defendant's burden that the primary motivating purpose in securing the witness statements was "in furtherance of a sufficiently identifiable resolve to litigate, rather than a more or less routine investigation of a possibly resolvable claim." *Piatkowski*, 2000 WL 1145825, at *3.

In its opposition to the motion, Westbank and its counsel have attached no exhibits to support their claim that these statements fall within the work product doctrine. Defense counsel did not take the witness statements. Instead, the Defendant states that Jim Hill, the HR director and in-house claims handler, took the recorded statements of Sellers and Landry at the instruction of counsel. However, no email or communication has been attached to the opposition indicating this,

nor has an affidavit by Jim Hill been attached as an exhibit stating that he took these statements at the instruction of counsel.  Further, Jim Hill is referred to as the HR director and in-house claims handler. The Defendant states that it does not seek the advice of counsel or take statements in every instance where there is a personal injury suffered. R. Doc. 21, p.3. However, Hill's title as HR director and in-house claims handler leads the Court to conclude that he must handle claims in his course of business.

Further, Westbank says that the facts and circumstances of this injury suggested that litigation was likely in this instance and that is why these statements were taken, but does not establish for the Court, beyond the Plaintiff's behavior and treatment, what made his injury or this incident different. The Defendant does not indicate why it does not take statements in all cases where an employee is injured.  Further, Defendant contends that Landry's statement was taken after a formal letter of representation arrived at Westbank, however, no such record of this has been provided to the Court. There is also no indication that defense counsel was retained in this matter on July 29, 2018 as stated in the opposition.

Once again, apart from the Defendant's own statements in the opposition, there is nothing that supports the burden placed on the Defendant by asserting the work product doctrine. The Court finds that that Westbank has not satisfied the burden of establishing work product protection and has not satisfied the Court that the primary motivating purpose in securing the witness statements was in furtherance of an identifiable resolve to litigate, rather than a more or less routine investigation of a possible resolvable claim. The Court, therefore, grants the motion with respect to Interrogatory No. 8 and Request for Production No. 38 and defendant shall provide these witness statements no later than fifteen (15) days from the signing of this order.

**B.  Request for Production No. 15**

Request for Production No. 15 states "Please produce any and all documentation reflecting maintenance and cure paid by you to plaintiff since the time of his alleged injury/accident." The Defendant responded by objecting that the request was overly broad, unduly burdensome and vague, that Defendant has paid maintenance and cure since the date of the alleged injury/accident and that without waiving the objections Defendant is in the process of compiling information and documents related to this request and will supplement when available. R. Doc. 20-3, pp. 6-7.

Plaintiff argues that he is seeking any and all maintenance and cure payments made by the Defendant pursuant to RFP No. 15. While the Defendant stated it was in the process of compiling documents related to the request the response has still not been supplemented and the Defendant should be ordered to produce those documents. R. Doc. 20-1, pp. 2-3.

In opposition, the defendant argues that it has been paying cure since the date of the accident and believe that the complaint is limited to the payment of cure. R. Doc. 21, p. 2. The Defendant further states that since the filing of the motion cancelled checks showing the payment of cure have been produced to Plaintiff's counsel and it stands ready to pay reasonable and necessary cure. *Id.*

First, the Court overrules the Defendant's objection to RFP No. 15. The request is not overly broad, unduly burdensome, or vague. While Westbank states that information has been produced, the Court has not been provided with any record that Westbank has responded or supplemented this RFP pursuant to Rule 26(e)'s duty to supplement, nor has the Plaintiff informed the Court that this issue is moot. Therefore, the Court grants the motion with respect to RFP No. 15 and orders the Defendant to produce these documents no later than fifteen (15) days from the signing of this order.

IV.    <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Discovery (R. Doc. 20)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Westbank Fishing, LLC shall produce the witness statements at issue in this motion responsive to Interrogatory No. 8 and Request for Production No. 38 **no later than fifteen (15) days** from the signing of this order.

**IT IS FURTHER ORDERED** that Westbank Fishing, LLC shall produce all documentation responsive to Request for Production No. 15 **no later than fifteen (15) days** from the signing of this order.

New Orleans, Louisiana, this 16<u>th</u> day of March 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**