# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINCENT BALL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-03153** |
| **WESTBANK FISHING, LLC** | **SECTION: "A" (4)** |

## ORDER

Before the Court is the Defendant's **Motion for Reconsideration of Magistrate Judge's Order (R. Doc. 29)** granting the Plaintiff's Motion to Compel Discovery (R. Doc. 28) which ordered the Defendant to produce witness statements and documents regarding the payment of cure. The motion is opposed. R. Doc. 31. The motion was heard on the briefs.

## I. Background

The instant action was filed by the Plaintiff, Vincent Ball, against Westbank Fishing, LLC pursuant to the Jones Act and the general maritime law. R. Doc. 1. Plaintiff contends that on July 12, 2016 he was a seaman in the employ of the Defendant aboard the F/V MARY VIRGINIA. R. Doc. 1, p. 2. Plaintiff alleges that he was thrown from the dock of the captain's purse boat as the result of the negligent acts of a crew member and which resulted in injuries. *Id.* According to the Plaintiff, his injuries occurred due to the unseaworthiness of the F/V MARY VIRGINIA, the negligence of the Defendant, and/or its employees or servants. *Id.* at p. 3. Plaintiff contends that he is entitled to punitive damages for the unseaworthy condition of the vessel. *Id.* at p. 4. Finally, Plaintiff alleges that Defendant has the duty to provide maintenance and cure. He contends that despite a reasonable demand and provision of proof of injury, the Defendant has arbitrarily, capriciously, and without reasonable basis in fact failed to pay maintenance and cure. *Id.* at p. 5.

On March 19, 2018, this Court issued an order in response to a motion to compel filed by the Plaintiff which sought "any and all written or recorded statements taken by you or anyone on

your behalf, which relate in any way to plaintiff's alleged injury/accident" and the production of "any and all documentation reflecting maintenance and cure paid by you to plaintiff since the time of his alleged injury/accident." R. Doc. 28. The Court found that the Defendant had not satisfied the burden of showing that the motivating purpose of taking the audio recorded statements of Tyrone Sellers and Jerome Landry, crew members aboard the F/V MARY VIRGINIA, was in furtherance of a sufficiently identifiable resolve to litigate, rather than a more or less routine investigation of a possibly resolvable claim. *Id.* at p. 7. The Court noted that Defendant had not attached any exhibits to support their claim the statements fell within work product doctrine, the statements were not taken by defense counsel, no affidavit of the HR director who took the statements was attached, and information with respect to the HR director's job title led to its conclusion. The Court also ordered the Defendant to produce documents regarding the payment of cure because the defendant's objection was overruled. *Id.* at pp. 7-9.

The instant motion was filed ten (10) days after the entry of the Court's order on the record. The Defendant seeks the reconsideration and denial of the Plaintiff's motion to compel. Defendant continues to argue there was not any non-litigation purpose for the taking of these statements and has included numerous documents which it argues support its position that the statements are protected by the work product doctrine. R. Doc. 29-9. Defendant also seeks an order denying the motion to compel as moot with respect to the production of the documents reflecting the payment of cure.

The motion for reconsideration is opposed. R. Doc. 31. Plaintiff argues that the Defendant is just recycling argument with unsupported facts and the deposition of Jim Hill, the Westbank employee who took the disputed statements, indicates that the statements in issue were obtained routinely and in the normal course of business for all accidents that occur. *Id.*

## II. Standard of Review

The Federal Rules do not recognize a motion for reconsideration, but the Fifth Circuit has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Rules 59 and 60, however, apply only to final judgments. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls. Fed. R. Civ. P. 54(b). *See also, Helena Labs. Corp. v. Alpha Scientific Corp.,* 483 F.Supp.2d 538 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought and no final judgment had yet been entered in the case). The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.

Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion. *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted); *See also Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final

judgment. *See, e.g., Castrillo v. Am. Home Mortgage Servicing Co.*, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010); *Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009). A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. *In re: Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

Motion under Rules 54(b), 59(e), and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted. *Templet v. Hydro Chem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

Moreover, it is well-settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of an order or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). When there exists no independent reason for reconsideration other than mere disagreement

with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp.2d 471 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

### III.    Analysis

In its motion the Defendant states that it "files this motion to supplement their arguments with sworn transcripts produced after the opposition and to attach documents previously produced to opposing counsel." R. Doc. 29. The motion also includes letters of representation that were absent from the earlier motion to compel. Defendants state that Jim Hill, the individual who took the statements at issue, was deposed shortly after the motion to compel was filed and the transcript was not available until after the opposition was due. R. Doc. 29-9. The Defendant rehashes the same argument in its memorandum in support of the motion: (1) the alleged incident occurred on July 21, 2016; (2) Plaintiff was sent for initial treatment at Plaquemines Medical on July 22, 2016, and treated there on July 25, 27, 30, and August 3, 2016; (3) counsel for Westbank became involved on July 29, 2016; (4) the Plaintiff provided an audio recorded statement on July 29, 2016; (5) by August 5, 2016, the Plaintiff had broken off contact with Westbank and sought treatment at Louisiana Primary Care Physicians; (6) Plaintiff's counsel sent a letter of representation on August 24, 2016; (7) the disposition of the claim suggested it was moving towards litigation; (8) Jim Hill, Westbanks's Human Resources director and in-house claims handler took a recorded of Tyrone Sellers, at the instruction of counsel, on August 15, 2016; (9)  Westbank sent a letter of representation to Plaintiff's counsel's office on September 1, 2016; (10) the statement of Jerome

Landry was taken, at the instruction of Westbank's counsel, on September 8, 2016; (11) counsel was in contact throughout the time all statements were taken and were done while receiving the direction and guidance of counsel; (12) Westbank produced over a hundred pages of documents evidencing payments of maintenance and cure.

Plaintiff argues that the deposition of Jim Hill, who took the statements at issue, establish that these sorts of recorded statements were obtained routinely in the normal course of business for all accidents that occur making them discoverable. R. Doc. 31. Plaintiff contends that the motion and its memorandum are purely a recycling of already litigated arguments. *Id.*

First, with respect the Defendant's argument that Plaintiff's earlier motion and order should be moot with respect to the production of documents evidencing the payment of cure to the Plaintiff, the Defendant has attached to the instant motion nearly one-hundred and thirty-seven (137) pages of checks, claim forms, and other financial information. R. Doc. 29-8. The Defendant, however, does not argue that this information was "newly discovered," instead the Court finds this to be an attempt to re-argue the prior motion with information that should have properly been attached at that time or produced to the Plaintiff in response to the request for production or as a result of the Court's order. The Court overruled Defendant's objection to this production in its prior order. Further, the Defendant has a continuing duty to supplement under Rule 26(e). As such, the Court finds that a motion for reconsideration is inappropriate with respect to the documentation of payment of cure and must deny the motion in that respect.

Second, the Defendant argues that at the time of opposing the original motion to compel with regards to witness statements on the grounds of the work product doctrine, it did not have the deposition of Jim Hill, the individual who took the statements. R. Doc. 29. The lack of transcript

availability at the time the opposition was due, did not prevent the Defendant from obtaining a sworn affidavit from Mr. Hill attesting to what counsel argued in the original motion.

A review of the deposition transcript excerpts indicates that Mr. Hill, when asked whether he spoke to attorneys and underwriters early in the claim, stated, "Well, of course, I don't remember if I addressed that particular problem. And comp center said they weren't going to treat him anymore, there wasn't no discussion." And in response to the question of whether in his business he consulted with an attorney if they had a "problematic fisherman" Mr. Hill responded "Sometimes." Further, on that same page when asked what the purpose of the statements are Mr. Hill states, "To try and – since no one's actually looking at it, you got to try and talk to the people who were involved to get an idea of what was going on." R. Doc. 29-5.

In their opposition, the Plaintiff's attach more of Mr. Hill's transcript. R. Doc. 31-1. When asked if within the organization Mr. Hill is the person who takes the statements he responded "Normally. Or Gus could too" and that in this case they did not use any outside investigation services or third-party to take the statements, which is done sometimes. R. Doc. 31-1, p. 3. Mr. Hill stated that he received a report from the emergency room that the Plaintiff had a fractured rib, and when asked if that triggers the preparation of an accident report or some document from the beginning that gives data as to what happened Mr. Hill stated "That's why I do the statements." Mr. Hill further stated he made a report to the insurance company that he deals with. R. Doc. 31-1, pp. 4-5. When asked if it would have been normal practice and procedure to get the statements when everything was fresh with the guys Mr. Hill responded "Yeah." R. Doc. 31-1, p. 6. When asked if he took those statements as quick as he could in the normal course of business he responded "Right." Mr. Hill further stated, "In the course of my job, I investigate all the accidents that happen. Standard practice is getting a statement from them, no matter what, in anticipation of

litigation." He once again stated it was a normal part of his job. R. Doc. 31-1, p. 8. The Court does not find that the transcript in and of itself supports the Defendant's argument.

The Defendant has also attached the letters of representation that were sent regarding the underlying incident. R. Doc. 29-6. On August 24, 2016, the Plaintiff's attorney sent a letter to the Defendant stating that he been retained in connection with injuries sustained by the Plaintiff and requested: (1) copies of any medical records regarding the treatment of the Plaintiff; (2) copies of any statements and/or first report of injury regarding the accident; and (3) any and all payroll information on Vincent Ball. He further stated that making a demand that Plaintiff be paid all past maintenance and cure benefits.

The work-product doctrine shields from discovery materials prepared by or for an attorney in preparation of litigation, but "is not an umbrella that shades all materials prepared by a lawyer, or agent of the client." *Piatkowski v. Abdon Callais Offshore, LLC*, 2000 WL 1145825, at *1-2 (E.D. La. Aug. 11, 2000). The doctrine focuses only on materials that are brought into being in anticipation of litigation and excludes materials that are assembled in the ordinary course of business. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982), *cert. denied*, 466 U.S. 944 (1984). In addition, the doctrine does not extend to the underlying facts relevant to the litigation. *Piatkowski*, 2000 WL 1145825, at *2; *See generally Upjohn Co. v. United States*, 449 U.S. 383 (1981). The burden of establishing that documents or information is work product is on the party who asserts the claim. *Hodges, Grant & Kaufmann v. United States Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985); *See also Piatkowski*, 2000 WL 1145825, at *2 (*citing St. James Stevedoring Co., Inc. v. Femco Machine Co.*, 173 F.R.D. 431, 432 (E .D. La.1997)).

A review of the timeline of the statements indicates that on August 15, 2016, Jim Hill--the HR director and in-house claims handler--took the recorded statement of crew member Tyrone

Sellers. Defendant argues that this statement was taken at the instructions of its counsel. However, as in the previous motion, no evidence was been attached to the record or an affidavit provided indicating that the recording was done at the behest of defense counsel. Further, this statement was taken prior to the letter of representation being sent to the Defendant from Plaintiff's counsel. As such, the combination of the transcripts, timing of the statement, and lack of records showing defense counsel sought the creation of this statement, indicates to the Court that Defendant has failed to meet its burden in establishing the statement was taken with an identifiable resolve to litigate, rather than a more or less routine investigation of a possibly resolvable claim. Piatkowski, 2000 WL 1145825, at *3.

The recorded statement of crewmember Jerome Landry was taken on September 8, 2016. Defendant once again argues the statement was taken by Jim Hill at the direction of counsel. There is once again no record of evidence indicating that this is true, either by affidavit by Jim Hill or email records from defense counsel to the Defendant. As noted, Jim Hill's own deposition indicates that he takes statements in preparation of accident reports or documents that gives information of what happened and who it happened to. R. Doc. 31-1. This statement, however, was recorded after a letter of representation was sent from Plaintiff's counsel to the Defendant and after defense counsel sent a letter on September 1, 2018, indicating that he represented the Defendant in relation to the alleged incident. R. Doc. 29-7.

Ultimately, the burden for establishing work product protection is on the party who asserts the claim. Further, motions for reconsideration are meant to correct manifest errors of fact or law or allow for the presentation of newly discovered evidence. The letters of representation are not newly discovered evidence and should have been attached to the original opposition. Further, a review of the record and facts including Jim Hill's title as in-house claims handler, Jim Hill's own

deposition statements newly provided to the Court, and lack of documentation indicating the witness statements were actually taken at the direction of counsel all indicate to the Court that it has not committed a manifest error of fact or law and that the Defendant has not met its burden of establishing that the primary motivating purpose in securing the witness statement of Jerome Landry was "in furtherance of a sufficiently identifiable resolve to litigate, rather than a more or less routine investigation of a possibly resolvable claim." *Piatkowski*, 2000 WL 1145825, at *3.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Reconsideration of Magistrate's Order (R. Doc. 29)** is **DENIED.**

New Orleans, Louisiana, this 29th day of May 2018.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**